UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH PITTMAN, on behalf of JAMES PETTUS,<br><br>                    Plaintiffs,<br><br>                    v.<br><br>HON. MANGANO, ADA KINGS COUNTY DUDLEY, and DEPT. OF CORRECTIONS,<br><br>                    Defendants. | **MEMORANDUM & ORDER**<br>24-CV-45 (HG) (LB) |

**HECTOR GONZALEZ**, United States District Judge:

*Pro se* Plaintiff Deborah Pittman, purporting to act on behalf of James Pettus, and James Pettus himself filed this action on January 2, 2025, asserting claims on behalf of Mr. Pettus. ECF No. 1 (Complaint). Both Ms. Pittman and Mr. Pettus signed the Complaint and filed signed applications to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915. ECF No. 2 (Pittman IFP Motion); ECF No. 3 (Pettus IFP Motion). The Court grants Plaintiffs' requests to proceed IFP. However, for the reasons discussed below, Plaintiffs' Complaint is dismissed.

## BACKGROUND

The Complaint alleges that during Mr. Pettus's criminal proceeding, the presiding justice, referenced as "Honorable Mangano," and the acting prosecutor, referenced as "ADA, Kings County, Dudley," violated his constitutional rights. Mr. Pettus states that in 2005, Defendant Mangano, a justice of the Supreme Court of New York, Kings County, "never had subject or personal jurisdiction upon James Pettus, due to fact I was never indicted, and sentenced me to 12 yrs." ECF No. 1 at 5.[1] The Complaint further states that Defendant Dudley, an assistant district attorney, "forced James Pettus to trial without any indictment. That's a no-no!!!" *Id.* Mr. Pettus

---

[1]     The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

alleges that he "made complaints against (Mangano) who retaliated by writing the (DOC) to punish me (James Pettus) by placing me into (SHU)" in 2005. *Id.* Mr. Pettus argues that Justice Mangano did not have "(personal) jurisdiction" over him once he was in the custody of Defendant the Department of Correction and Community Supervision ("DOCCS"). *Id.*

With respect to Defendant DOCCS, Mr. Pettus alleges that "while placed into the custody of (DOC) then (SHU) I was systemically <u>tortured</u> and <u>tormented</u> by correction officers, who would turn off my water and deny me food, for four (4) days straight, every month, then once a month would throw a bucket of feces and urine into my cell." *Id.* at 5–6 (emphasis in original). Mr. Pettus further states that he suffers "from (PTSD) from my five (5) yrs in SHU" and that doctors who he saw while housed in the Special Housing Unit ("SHU") failed to diagnose him with cancer, which he has had "since 2010 or before 2010." *Id.* at 6. Plaintiffs allege that Defendants violated Mr. Pittman's Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment rights, for which Mr. Pettus seeks one billion dollars from each Defendant.

The Complaint does not allege any claims as to Ms. Pittman, but Plaintiffs attach to their Complaint an executed power of attorney form naming Ms. Pittman as the agent for Mr. Pettus. *Id.* at 8–14. On January 13, 2025, both Plaintiffs filed and signed a motion requesting *pro bono* counsel to act "on behalf of Deborah Pittman and James Pettus, so they may exercise their 1st Amendment Rights." ECF No. 8 (Motion to Appoint Counsel).

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). Indeed, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Tombly*, 550 U.S. at 555.

Additionally, under 28 U.S.C. § 1915(e)(2)(B), a district court "shall" dismiss an action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (ii) seeks monetary relief against a defendant who is immune from such relief."

**DISCUSSION**

**I.      Mr. Pettus's Ability to Bring His Claims**

Mr. Pettus was a frequent filer in this and other courts during his incarceration, and had a filing restriction imposed on him under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). *See Pettus v. Morgenthau*, 554 F.3d 293, 295 (2d Cir. 2009) (summarizing Pettus's litigation history). In many of these cases, he challenged his conviction, the conditions of his confinement, and the allegedly inadequate medical care he received. Because Mr. Pettus was not incarcerated at the time he filed the instant Complaint, he is no longer subject to the PLRA's three strikes provision. *See Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (holding that a litigant who brought suit while incarcerated was still subject to the "three strikes" provision of the PLRA even after he was released, but allowing a formerly incarcerated litigant "to apply for *in forma pauperis* status as a non-incarcerated plaintiff if he so qualifies"). Accordingly, he is not restricted from filing in this district.[3]

**II.     Ms. Pittman's Role in this Litigation**

Ms. Pittman cannot bring claims on behalf of Mr. Pettus, unless she is an attorney admitted to practice in this Court. *See, e.g.*, *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf."); *Pittman ex rel. Pettus v. Breir*, No. 23-cv-10208, 2024 WL 37113, at *1 (S.D.N.Y. Jan. 3, 2024) (explaining why Ms. Pittman could not proceed on behalf of Mr. Pettus). "District courts within this Circuit have held that this rule applies even if the person bringing the

---

[3]     The Court notes that the United States District Court for the Southern District of New York also imposed a filing restriction upon Mr. Pettus under the All Writs Act, 28 U.S.C. § 1651, barring him from filing any future complaints in that court without first obtaining leave to file, even after he was released from incarceration, and warned that he "may not circumvent the filing injunction by having other individuals file *pro se* complaints on his behalf." *See Pittman v. Breier*, No. 24-cv-6694, 2024 WL 4635345, at *1 & n.1 (S.D.N.Y. Oct. 28, 2024).

4

action on behalf of another person has power of attorney." *Rumph ex rel. C.R. v. City of New York*, No. 18-cv-8862, 2019 WL 1900335, at *1 (S.D.N.Y. Apr. 26, 2019) (collecting cases). All the factual claims in the Complaint involve only Mr. Pettus—no claims relate to Ms. Pittman. Accordingly, the Court dismisses any claims that Ms. Pittman asserts on behalf of Mr. Pettus without prejudice.

### III. Mr. Pettus's Claims Related to His Conviction

Mr. Pettus alleges that Justice Mangano and ADA Dudley violated his constitutional rights under the Fifth, Sixth, Seventh[4], and Fourteenth Amendments in connection with his conviction. He seeks to bring his claims under 42 U.S.C. § 1983 ("Section 1983"), which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." A plaintiff may bring claims for violations of constitutional rights under Section 1983 if they can show that "a person acting under color of state law" "deprived [him] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). However, both Justice Mangano and ADA Dudley are immune from liability on this claim.

Judges have absolute immunity from suits for damages for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988). Absolute judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13. Judicial immunity may only be

---

[4]    The Court notes that the Seventh Amendment provides for the right to a trial by jury in *civil* actions at common law, not *criminal* actions, which are covered by the Sixth Amendment. U.S. Const., Amends. VI, VII.

5

overcome if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 11–12. A judge acts in the absence of all jurisdiction "only when [his court] does not have any statutory or constitutional power to adjudicate the case," and only if the judge knows that he "was acting in the clear absence of jurisdiction." *Dickerson v. Siegal*, No. 23-cv-3859, 2023 WL 6158833, at *3 (E.D.N.Y. Sept. 21, 2023) (citing *Maestri v. Jutkofsky*, 860 F.2d 50, 53 (2d Cir. 1988)). Indeed, "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (2d Cir. 1978). Mr. Pettus does not plausibly allege that Justice Mangano knowingly acted in the complete absence of all jurisdiction. And, to the extent that he challenges Justice Mangano's actions in presiding over the criminal case against him and sentencing a criminal defendant appearing before him, these actions are clearly within the judge's judicial capacity. Mr. Pettus's allegations are not sufficient to defeat Justice Mangano's judicial immunity.

Likewise, "[i]t is well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York,* 424 F.3d 231, 236 (2d Cir. 2005). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate." *Hill v. City of New York,* 45 F.3d 653, 661 (2d Cir. 1995). Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted in the complete absence of jurisdiction. *See Shmueli*, 424 F.3d at 237. Here, Mr. Pettus's only allegations against ADA Dudley involve the ADA's prosecution of a criminal defendant. These are not sufficient to defeat ADA Dudley's prosecutorial immunity.

6

Accordingly, Plaintiff's claims against Justice Mangano and ADA Dudley related to the prosecution of Mr. Pettus must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### IV.    Mr. Pettus's Claims Related to the Conditions of His Confinement

Mr. Pettus alleges that he was subjected to unsanitary conditions and lengthy stays in the SHU and received inadequate medical care while he was incarcerated. ECF No. 1 at 5–6. His Complaint does not state where he was incarcerated when these acts or omissions arose, but his prior lawsuits, which were filed while he was in custody indicated that he had been held in state correctional facilities at Elmira, Great Meadow, Southport and other locations within the jurisdictions of the United States District Courts for the Northern and Western Districts of New York. *See* 28 U.S.C. § 112. Mr. Pettus does not allege that the events and omissions alleged in his Complaint occurred within this judicial district, rather than the districts in which he was incarcerated, nor has he provided service addresses for any of the Defendants.[5]

A civil action must be filed in the judicial district in which any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court has considered whether to transfer this case to one of the jurisdictions in which Mr. Pettus was incarcerated. Given Mr. Pettus's lengthy litigation history, the Court finds that transfer would not be in the interest of justice. Accordingly, the claims related to the conditions of his prior

---

[5]    The Court notes that Mr. Pettus has filed more than 30 actions in the United States District Courts for the Northern and Western Districts of New York. *See, e.g.*, *Pettus v. Burtola*, No. 09-cv-1079, (N.D.N.Y. 2009); *Pettus v. LeClaire et al.*, No. 07-cv-8, (N.D.N.Y. 2007); *Pettus v. Bartlett et al.*, No. 09-cv-6401, (W.D.N.Y. 2009); *Pettus v. Wright et al.*, No. 04-cv-6203, (W.D.N.Y. 2004).

incarceration are dismissed pursuant to 28 U.S.C. § 1406(a), without prejudice to his refiling those claims in the appropriate district court.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motions to proceed IFP are granted. However, Ms. Pittman's claims are dismissed without prejudice, and Mr. Pettus's claims are dismissed without prejudice pursuant to 28 U.S.C. § 1951(e)(2)(B)(iii) and 28 U.S.C. § 1406(a). Plaintiffs' request for *pro bono* counsel, *see* ECF No. 8, is dismissed as moot.

The Clerk of Court is respectfully directed to enter judgment and to send a copy of the judgment and this Order to Ms. Pittman and Mr. Pettus at the addresses they provided and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                    */s/ Hector Gonzalez*
                                                    HECTOR GONZALEZ
                                                    United States District Judge

Dated: Brooklyn, New York
          January 29, 2025